## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONSUELO E. KELLY-LEPPERT, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 20-2121-KHV |
| ) | |
| MONSANTO/BAYER CORP., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Consuelo E. Kelly-Leppert brings suit pro se against Monsanto/Bayer Corporation, alleging wrongful death for the death of her husband. Complaint (Doc. #1) filed March 16, 2020. This matter is before the Court on plaintiff's Objection To Denied Motion To Proceed [In] Forma Pauperis (Doc. #10) filed April 30, 2020. For reasons stated below, based on evidence newly proffered by plaintiff, the Court sustains plaintiff's objection.

### Background

On March 16, 2020, plaintiff filed a Motion For Leave To Proceed Without Prepayment Of Fees (Doc. #3). On April 14, 2020, U.S. Magistrate Judge Teresa J. James recommended that the Court deny plaintiff's motion. Report And Recommendations (Doc. #7). Two days later, plaintiff filed a Motion For Reconsideration To Proceed [In] Forma Pauperis And On Prepayment Of Fees (Doc. #8).

On April 21, 2020, Judge James determined that plaintiff's motion for reconsideration was improper, but nevertheless issued an Amended Report And Recommendation (Doc. #9), which clarified her previous report. Judge James determined that although plaintiff's claimed monthly expenses slightly exceed her income, she failed to demonstrate that she is without sufficient

financial resources to pay the filing fee because not all of her listed expenses appeared credible or supportable.  Amended Report And Recommendation (Doc. #9) at 3.  In particular, Judge James noted the following deficiencies in plaintiff's application: (1) although she has no dependents and presumably lives alone, she claimed over $800 in monthly grocery expenses; (2) she did not include any information about her spouse's finances; (3) she claimed a $279 monthly payment to UMKC Dental but stated that it has a $0 balance; (4) she claimed $68 per month for "home paint" without further explanation; and (5) although she stated that she is "on medical leave for open heart surgery" and has "upcoming open heart surgery" that could affect her financial situation, she did not provide details, such as when the surgery is scheduled or the cost she anticipates incurring given her health insurance coverage provided through her employer.  Id. at 4.  Based on these deficiencies, Judge James was unable to adequately assess plaintiff's financial circumstances to determine her suitability for in forma pauperis status.  She therefore recommended as follows:

> Based upon the above findings, it is hereby recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) and Plaintiff's Motion for Reconsideration to Proceed Under Forma Pauperis and on Prepayment of Fees (sic) (ECF No. 8) be denied. Plaintiff should be ordered to prepay the full filing fee of $400 by July 1, 2020 for this action to proceed and cautioned that failure to pay the filing fee by that time will result in the dismissal of this action without prejudice. This extended deadline takes into consideration the ongoing COVID-19 pandemic and provides additional time for Plaintiff to pay the filing fee.

Id. at 4-5.

On April 30, 2020, plaintiff filed the instant objection, which provides additional detail regarding her financial status.  Specifically, plaintiff now asserts as follows: (1) the $800 in grocery expenses includes dog food, vet charges, doctor's visits, car maintenance and other living expenses; (2) the $279 for UMKC Dental expenses was charged to a credit card that has a balance of $250, toward which she pays $50 per month; (3) she has a $69 per month payment on a $3,200

loan she obtained to avoid a fine from the city for the peeling paint on her house;[1] (4) she has medical bills for $321 and $48 related to her heart disease and anticipates a future bill for an echocardiogram and doctor's fees; (5) as to her costs after insurance benefits, she states: "Medicare may pay 80% of the charges and although I'm with a group insurance which is Blue Cross Blue Shield Kansas City, I will have to meet my deductible of $3000.00 (I already met $1500.00) should I choose a hospital that is out of network.  Medicare has a deductible of $1,408.00 for Part A and $198.00 for Part 8.  I have no supplement[al] insurance."  Objection To Denied Motion To Proceed [In] Forma Pauperis (Doc. #10) at 2.

## Legal Standard

The Court reviews de novo an objection to a magistrate judge report and recommendation on a dispositive matter.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Lister v. Dep't Of Treasury, 408 F.3d 1309, 1311 (10th Cir. 2005) (district court must conduct de novo review of magistrate denial of in forma pauperis motion).  In conducting a de novo review, the Court must consider relevant evidence of record and not merely review the magistrate judge recommendation.  Griego v. Padilla, 64 F.3d 580, 584 (10th Cir. 1995).  When ruling on an objection to the magistrate judge's findings and recommendations, the Court may receive further evidence.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Whether to receive additional evidence is committed to the Court's sound discretion. See Henderson v. Echostar Commc'ns Corp., 172 F'Appx 892, 895 (10th Cir. 2006).

## Analysis

**I.    In Forma Pauperis Status**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action

---

[1]  Plaintiff's financial affidavit states that this is a $68 payment on a $3,000 balance, but her objection says it is a $69 payment on a $3,200 balance.

without prepayment of fees by a person who lacks financial means.  28 U.S.C. § 1915(a).  To proceed in forma pauperis, plaintiff must demonstrate "a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."  Lister, 408 F.3d at 1312.  Proceeding in forma pauperis in a civil case "is a privilege, not a right—fundamental or otherwise."  White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998).

The decision to grant or deny in forma pauperis status lies within the sound discretion of the Court.  Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)).  Courts recognize a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  Yellen v. Cooper, 828 F.2d 1471 (10th Cir. 1987); Flanery v. Berryhill, No. 19-1062-KHV-KGG, 2019 WL 2073871, at *1 (D. Kan. May 10, 2019).  When considering plaintiff's application, the Court must neither act arbitrarily nor deny the application on erroneous grounds.  Parker v. Bd. of Pub. Util. of Kansas City, Kan., No. 08-1038-MLB, 2008 WL 11383299, at *1 (D. Kan. Feb. 11, 2008).

The Court has reviewed plaintiff's financial affidavit and the additional information that she provided in her objection.  In response to Judge James's concerns, plaintiff further explained her $800 in grocery expenses, costs for "house paint" and bill for UMKC Dental expenses.  Plaintiff also presented more information regarding her health-related expenses.[2]  In light of the additional information that plaintiff provided, and consistent with the Court's liberal policy toward permitting proceedings in forma pauperis, the Court will allow plaintiff to proceed in forma pauperis.  However,

---

[2] Although plaintiff could have been more careful in completing her financial affidavit, the Court is mindful of her pro se status.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (court liberally construes pleadings of pro se litigant).

for reasons stated below, the Court will order plaintiff to show cause why the Court should not dismiss her complaint.

## II.     Order To Show Cause

When the Court grants a party leave to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2) requires the Court to screen the party's complaint.  The Court must dismiss the case if it determines that the case (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B). The purpose of Section 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  Trujillo v. Williams, 465 F.3d 1210, 1216 (10th Cir. 2006) (citation omitted). This screening procedure applies to all litigants.  Lister, 408 F.3d at 1312.

In applying Section 1915(e)(2) to the pleadings of a pro se litigant, the Court must liberally construe the pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers.  Johnson v. Johnson, 466 F.3d 1213, 1214 (10th Cir. 2006).  This does not mean, however, that the Court must become an advocate for the pro se plaintiff.  Lyons v. Kyner, 367 F. App'x 878, 881 (10th Cir. 2010).  To state a claim, plaintiff must provide enough facts to state a claim to relief that is plausible on its face.  Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court need not accept allegations that state only legal conclusions.  See Hall, 935 F.2d at 1110.  When it is obvious that plaintiff cannot prevail on the facts she has alleged and an opportunity to amend her complaint would be futile, dismissal of the action is appropriate.  Phillips v. Layden, 434 F. App'x 774, 775 (10th Cir. 2011).

Here, plaintiff's complaint fails to state a plausible claim for relief.  In the form complaint, under "Statement of Claim," plaintiff states as follows:

> $130,000,000.00 for loss of consortium, pain and suffering, loss of grandfather, loss of business defendant to pay court fees, jury, depositions and other fees outside the claim amount. The stress of caring for a dying husband caused me to have an operation in diverticulitis and heart disease. As a result, I am scheduled to have heart surgery and I will not know what my financial situation would be after that.

Complaint (Doc. #1) at 3.  Elsewhere, she states that "[t]he deceased had an overdose of glyphosate: 1) when he was in Vietnam and was exposed to Agent Orange and 2) round up starting in the 70s until his death."  Id. at 4.  Plaintiff's bare allegations are insufficient and warrant dismissal under the screening procedure of 28 U.S.C. § 1915(e)(2)(B).  Accordingly, the Court orders plaintiff to show cause in writing, on or before **May 29, 2020**, why the Court should not dismiss her complaint for failure to state a claim.

**IT IS THEREFORE ORDERED** that plaintiff's Objection To Denied Motion To Proceed [In] Forma Pauperis (Doc. #10) filed April 30, 2020 is **SUSTAINED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion To Proceed Without Prepayment of Fees (Doc. #3) filed March 16, 2020 is **SUSTAINED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion For Reconsideration To Proceed [In] Forma Pauperis And On Prepayment Of Fees (Doc. #8) filed April 16, 2020 is **OVERRULED as moot.**

**IT IS FURTHER ORDERED** that the Amended Report And Recommendation (Doc. #9) filed April 21, 2020 is **NOT ADOPTED**.

**IT IS FURTHER ORDERED** that plaintiff show cause in writing, on or before **May 29, 2020**, why the Court should not dismiss her complaint for failure to state a claim.

Dated this 15th day of May, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
