# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONSUELO E. KELLY-LEPPERT, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 20-2121-KHV |
| ) | |
| MONSANTO/BAYER CORP., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER NUNC PRO TUNC

On March 16, 2020, Consuelo E. Kelly-Leppert filed suit pro se against Monsanto/Bayer Corporation, alleging that defendant is strictly liable for her husband's death.[1] Civil Complaint (Doc. #1). On May 15, 2020, the Court permitted plaintiff to proceed in forma pauperis, but in accordance with its screening function under 28 U.S.C. § 1915(e)(2)(B), noted that plaintiff's bare allegations were insufficient to state a claim. Memorandum And Order (Doc. #12). Accordingly, the Court ordered her to show cause why it should not dismiss her complaint. Id. This matter is before the Court on plaintiff's Motion In Opposition For Failure To State A Claim (Doc. #13) filed May 29, 2020. For reasons stated below, the Court declines to dismiss plaintiff's complaint, and orders service on defendant.

## Factual Background

Plaintiff's complaint alleges that her husband, Michael J. Kelly, died from an overdose of glyphosate, an herbicide to which he was exposed via Agent Orange in the Vietnam War and later Roundup, which he used since the 1970s. Plaintiff seeks $130,000,000 for "loss of consortium,

---

[1] On April 8, 2020, plaintiff filed an Amended Civil Cover Sheet (Doc. #5). On April 30, 2020, plaintiff filed a Second Amended Civil Cover Sheet (Doc. 11).

pain and suffering, loss of grandfather, loss of business defendant to pay court fees, jury, depositions and other fees outside the claim amount." Civil Complaint (Doc. #1) at 6. Moreover, plaintiff claims that the stress of caring for her dying husband forced her to have "an operation in diverticulitis and heart disease." Id.

In response to the Court's show cause order, plaintiff further alleges that Kelly served as an electronics technician during the Vietnam War, which required him to transport barrels of Agent Orange, a lethal dioxin which defendant manufactured. After the war, plaintiff was exposed to more dioxins in Roundup, a weed killer which defendant also produced. According to plaintiff, Kelly used Roundup every summer since the 1970s. As a result of Agent Orange and Roundup, Kelly developed various cancers in the colon, prostate and brain, from which he died in 2011.

## Analysis

When the Court grants a party leave to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) requires the Court dismiss her complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To determine whether to dismiss a complaint under Section 1915(e)(2)(B)(ii) for failure to state a claim, the Court applies the same standard for dismissals under Rule 12(b)(6), Fed. R. Civ. P. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). To avoid dismissal, plaintiff must therefore provide enough facts to state a claim for relief that is plausible on its face, and the Court need not accept allegations which state only legal conclusions. Lyons v. Kyner, 367 F. App'x 878, 881 (10th Cir. 2010); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Although the Court does not assume the role of plaintiff's advocate, it must liberally construe a pro se litigant's pleadings and apply a less stringent standard

-3-

than that for lawyers.  Lyons, 367 F. App'x at 881.  Accordingly, the Court can only dismiss a pro se plaintiff's complaint under Section 1915(e)(2)(B)(ii) if she obviously cannot prevail on her allegations and amending the complaint would be futile.  Webb v. Caldwell, 640 F. App'x 800, 802 (10th Cir. 2016).

Here, plaintiff's allegations state plausible claims for relief.  Plaintiff alleges that two products which defendant manufactured—Agent Orange and Roundup—contain chemicals that cause various forms of cancer.  She also alleges that her husband, Michael J. Kelly, was consistently exposed to these products for over 40 years.  In particular, he was responsible for transporting large quantities of Agent Orange during the Vietnam War, and subsequently used Roundup every summer since the 1970s.  This exposure caused Kelly to develop various cancers, from which he died in 2011.  Liberally construed, these allegations state plausible claims for relief.  The Court therefore declines to dismiss her complaint.  See id. (dismissal of pro se complaint under Section 1915(e)(2)(B)(ii) only appropriate where "it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend") (citations omitted).

**IT IS THEREFORE ORDERED** that pursuant to Rule 4(c)(3), Fed. R. Civ. P., the Clerk accomplish service of process.

Dated this 15th day of June, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge