**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CONSUELO E. KELLY-LEPPERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No: 20-cv-2121-KHV-TJJ |
| | ) | |
| MONSANTO/BAYER CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, proceeding pro se and in forma pauperis,[1] has filed a Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (ECF No. 22). For the reasons set forth below, the Court denies the motion.

Plaintiff filed this wrongful death action on March 16, 2020. Plaintiff claims her husband "had an overdose of glyphosate" after being "exposed to Agent Orange" in Vietnam and "round up (sic) starting in the 70s until his death."[2] Plaintiff filed a motion to proceed in forma pauperis, which this Court recommended be denied.[3] Plaintiff filed both a motion for reconsideration[4] and an objection[5] to the Court's amended recommendation that Plaintiff's motion to proceed in forma pauperis be denied.[6] The Court sustained Plaintiff's objection and allowed her to proceed in forma pauperis but ordered her to show cause why the Court should not dismiss her complaint

---

[1] *See* ECF No. 12.

[2] ECF No. 1 at 4.

[3] *See* ECF Nos. 3 and 7.

[4] ECF No. 8.

[5] ECF No. 10.

[6] ECF No. 9.

for failure to state a claim.[7] Plaintiff responded to the Court's order,[8] and the Court declined to dismiss Plaintiff's complaint.[9] On July 30, 2020, Defendant filed a motion to dismiss,[10] arguing Plaintiff's claims are barred by all applicable statutes of limitations, Plaintiff's Agent Orange claim is barred by the government contractor defense set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and Plaintiff's Roundup® claim is expressly and impliedly preempted by federal law.

While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no right to appointment of counsel.[11] Instead, courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[12] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[13]

In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the litigant's ability to retain counsel, (2) the merits of the litigant's claims, (3) the nature of the factual issues raised in the claims, (4) the litigant's ability to present his/her claims, and (5) the complexity of the legal issues raised by the claims.[14]

---

[7] ECF No. 12.

[8] ECF No. 13.

[9] ECF No. 15.

[10] ECF No. 23.

[11] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kan. 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").

[12] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[13] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 § 1915(e)(1).).

[14] *Brewer*, 2008 WL at *5–6.

The Court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel, therefore "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."[15]

In considering these factors, the Court finds Plaintiff has not fully shown an inability to retain counsel. Plaintiff's declaration indicates she contacted only two attorneys and states she was unable to contact more because she is suffering from heart disease.[16] Even if the Court were to find she had shown an inability to retain counsel, the other factors weigh against Plaintiff. Plaintiff's Complaint does not suggest that this case involves complicated legal or factual issues. And, Plaintiff has shown herself to be capable of articulating her claims and understanding the rules and procedure of this Court. As previously discussed, Plaintiff filed both a motion to reconsider and an objection to the Court's recommendation that her motion to proceed in forma pauperis be denied, and she was ultimately successful in her arguments. Additionally, she clearly articulated her claims to the Court such that the Court found her "allegations state plausible claims for relief."[17]

Finally, it is unclear at this stage in the litigation whether Plaintiff's claims have merit. Defendant has filed a motion to dismiss, which is still pending. A court may decide to postpone the decision to appoint counsel until after the resolution of a dispositive motion "as a means of weeding out frivolous or unmeritorious cases."[18]

---

[15] *Id.*

[16] ECF No. 22 at 3.

[17] ECF No. 15 at 3.

[18] *Lewis v. Frontier AG, Inc.*, No. 14-2010-JTM-GLR, 2014 WL 644970, at *2–3 (citing *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).

At this time, based on the factors for appointment of counsel and the timing of Plaintiff's request (while a dispositive motion is pending), Plaintiff's motion is denied. If it becomes apparent that appointed counsel is necessary as this case progresses, Plaintiff may renew her motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (ECF No. 22) is denied.

**IT IS SO ORDERED.**

Dated August 4, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge