IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONSUELO E. KELLY-LEPPERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No: 20-cv-2121-KHV-TJJ |
| | ) |
| MONSANTO/BAYER CORP., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, proceeding pro se and in forma pauperis,[1] has filed a Motion to Reconsider (ECF No. 28). The Court previously denied Plaintiff's request for appointment of counsel (ECF No. 27). In that order, the Court found Plaintiff's claims were straightforward and uncomplicated, and that Plaintiff showed sufficient understanding of the rules and procedures to adequately represent herself. For the reasons discussed below, the Court denies Plaintiff's motion to reconsider that order.

District of Kansas Rule 7.3(b) permits a party to file a motion seeking reconsideration of a non-dispositive order, such as an order denying appointment of counsel. The motion to reconsider must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[2] A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained

---

[1] *See* ECF No. 12.

[2] D. Kan. Rule 7.3(b). The Tenth Circuit has adopted the same standard. *See, e.g.*, *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

through the exercises of due diligence.[3] Such motions are not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[4] Whether to grant or deny reconsideration lies within the court's sound discretion.[5] The movant has the burden to show an adequate reason to reconsider the prior order of the court.[6]

In her motion for reconsideration, Plaintiff asks the Court to reconsider its order pursuant to D. Kan. Rule 7.3(b)(3), which provides for the need to correct clear error or prevent manifest injustice. In support, Plaintiff states she had open heart surgery recently, which makes her vulnerable to COVID-19.

Although the Court is sympathetic to Plaintiff's health condition, it is not a reason for appointment of an attorney in this case. The Court explained the factors it considers when deciding whether to appoint an attorney in a civil case in its order denying Plaintiff's motion. It specifically found that the factors weighed against appointment of counsel at this stage in the litigation. The Court is cognizant of the COVID-19 pandemic and considers it when deciding how cases will proceed. To that end, the undersigned magistrate judge will consider setting any hearings in this case remotely rather than in-person. In addition, the Court will consider any concerns Plaintiff or Defendant have going forward regarding COVID-19 as it relates to any forthcoming scheduling or discovery. But Plaintiff has failed to show why the pandemic is an adequate reason for reconsideration of the Court's prior order denying appointment of counsel. Nothing in Plaintiff's motion changes the Court's findings with respect to whether Plaintiff's

---

[3] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992).

[4] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[5] *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012).

[6] *Id.*

claims are straightforward and uncomplicated, and whether Plaintiff has shown sufficient understanding of the rules and procedures to adequately represent herself at this stage of the proceedings.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reconsider (ECF No. 28) is denied.

**IT IS SO ORDERED.**

Dated August 24, 2020, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge